Richardson, J.
delivered the opinion of the Court.
In the case of Bent’s Executor v. Graves, 3 M’C. 280, the Court decided, that where the contract, consisting in that case of notes of hand, was to pay a greater sum than £20, sterling, the creditor could not, by releasing a part of his demand, bring it within the summary jurisdiction. But in the case of Goldthwaite v. Dent, 3 M’C. 296, it was also decided, that, on a quantum, meruit for services rendered, the plaintiff may demand less than his services deserved, and bring his case within an inferior jurisdiction by his own estimate of the value of the services. In the case before us, the question is somewhat varied. The claim of the plaintiff does not arise out of a contract, either express or implied, but from a wrong done; a violation of his right of property by the defendant, and the damages consequent upon such trespass. It follows from the character of the act complained of, that the plaintiff can allege his loss, only from his own opinion of the amount; he has no other criterion or measure. lie may recover, at the utmost, the full value of the property converted by the defendant, and the damages for its detention, but he may recover a smaller amount. In trover; and in all actions ése *457 delicto, the amount of the loss is to be estimated by the Court, and not measured by any stipulation. It is plain, therefore, that in such cases the final issue of the contest is too uncertain to require the plaintiff to allege, with any precision, what may be the judicial estimate of his damages.
Motion refused.